## GIBSON, Adm'r, and others *v.* SCRIBNER.

*(Circuit Court, D. Maine.* February 2, 1885.)

PATENTS FOR INVENTIONS—ANTICIPATION—SHINGLE-MACHINE—CLAIM 1 OF PATENT No. 216,344.

The first claim in patent No. 216,344, dated June 10, 1879, issued to Benjamin F. Penney, and his assignee of one-half interest, was anticipated by the machines invented by Porter and Webber and in public use before the issue of the patent to Penney; and such claim is void.

In Equity.

*William Franklin Seavey,* for complainants.

*Laughton & Clergue,* for respondent.

WEBB, J. This is a bill to restrain the infringement of patent No. 216,344, dated June 10, 1879, for which application was filed December 13, 1878, issued to Benjamin F. Penney, deceased, and his assignee of one-half interest. The alleged infringement is limited to the matter embraced in the first claim. It is admitted by the defendant that, since the date of this patent, he has made a shingle-machine embracing in its construction the features described in the patent and claimed in said first claim, which would have infringed said patent and claim if the same had been valid. He sets up as his defense: (1) That one Elbridge Webber, as early as 1856, invented and manufactured a machine embodying the invention in said first claim, and publicly used at Gardiner, Maine, the machine so constructed; (2) that, as early as and prior to 1875, machines, containing said alleged invention and discovery, were publicly manufactured and sold and kept on sale, at Gardiner, Maine, by this defendant and by Elbridge Webber; (3) that one Willis Porter, as early as 1875, constructed a machine known as the "Gardiner Improved" shingle-machine, and set the same in operation in public, which contained the features described in the first claim of these letters patent. The complainants deny the invention of Webber, and the construction of machines of the description alleged by Webber and this defendant, at the early time asserted. They admit that the "Gardiner Improved" does embody and contain the features claimed in the first claim of their letters patent, but do not admit that that machine was made or invented before the year 1875 or 1876, or that the improvements embraced therein were conceived before that date. To defeat the effect of any construction of the "Gardiner Improved" more than two years prior to their application, they seek to show that Penney conceived the improvements subsequently patented as early as 1870, and was prevented perfecting his invention by his poverty. It is not clear from the evidence that at the early date named he had formed any distinct conception of the invention, or anything more than an idea that some means might be devised to accomplish certain practical results. Neither is there proof that his poverty made

it impracticable to perfect sooner than he did any invention he had made. This was not a matter involving any considerable expenditure. Indeed, his model was made principally with his pocket-knife, and he was repeatedly offered assistance by persons of pecuniary ability, if he would show that the plan and device he was studying offered any features of value. All these proffers of help he rejected, because he had not yet perfected the invention, and therefore feared, as he alleged, that his invention, if explained, would be pirated; but when he had perfected his model, he availed himself of such assistance in procuring his patent.

On the other hand, the defendant produced evidence that Porter fully conceived the improvements involved in this controversy and contained in the "Gardiner Improved" in 1868, and postponed constructing a machine according to his conception, till prior patents on other features that he wished to use, should expire. This evidence is conclusive that Porter's invention was earlier than Penney's, and that he also constructed and set working publicly a machine embodying that invention more than two years before Penney's patent was applied for. The evidence further shows that in 1868 this defendant, a machinist, constructed under Webber's directions, and for him, a shingle-machine containing the matters described in the first claim of the patent No. 216,344, and that the same was, for a considerable time after, in public use.

This bill must be dismissed.